IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § § § § § § § § § § § § § § § § § § § § § | |
| Plaintiff-Counterdefendant, | | |
| VS. | | |
| CONSOLIDATED SALVAGE, INC., | | Civil Action No. 3:16-CV-2959-D |
| Defendant-Counterplaintiff-Third-Party Plaintiff, | | |
| VS. | | |
| JOE COSTELLO and AL SICARD AGENCY GROUP, LLC, | | |
| Third-Party Defendants. | | |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage dispute, third-party defendants Al Sicard Agency Group, LLC and Jose Castillo[1] (collectively, "ASAG") move for summary judgment. In response, defendant-counterplaintiff-third-party plaintiff Consolidated Salvage, Inc. ("Consolidated") neither produces nor cites any evidence. For that reason and the others that follow, the court grants ASAG's motion and dismisses the balance of this action by judgment filed today.

---

[1]Consolidated incorrectly identifies Castillo as "Joe Costello" in its original answer, counterclaim, and third-party complaint. Accordingly, the name "Joe Costello" is reflected in the case caption. The court will refer to him in this memorandum opinion and order by his correct name.

I

The claims at issue between Consolidated and ASAG arise out of a dispute regarding Consolidated's insurance coverage. ASAG moves for summary judgment, contending that no genuine issue of material fact exists to support Consolidated's allegations of negligence, violations of the Texas Insurance Code, and forgery against ASAG. Consolidated has responded to ASAG's summary judgment motion, but it has neither introduced summary judgment evidence of its own nor cited any evidence that ASAG introduced as part of the summary judgment record. Consolidated's response is unsworn. ASAG has filed a reply brief pointing out Consolidated's evidentiary deficit and objecting to any purportedly factual statements as hearsay.

II

Because Consolidated will have the burden of proof at trial on its claims, ASAG can satisfy its summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In its brief, ASAG points to the absence of evidence to support each claim. *See* D. Br. 7 ("[Consolidated] is unable [to] establish the standard of care and whether under the facts and circumstances of this case the standard was breached."); *id*. at 10 ("[Consolidated] cannot demonstrate that ASAG's acts or practices were a producing cause of its damages."); *id*. at 11 ("[Consolidated] cannot meet the necessary elements for forgery."). Because ASAG has done so, Consolidated must go beyond its pleadings and designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324; *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir. 1991). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Consolidated's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Consolidated's failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Consolidated fails to meet this burden. *Little*, 37 F.3d at 1076.

III

As noted, Consolidated's response is unsworn, it submits no materials in an appendix, and it fails to cite any materials in ASAG's appendix. ASAG maintains that it is entitled to summary judgment due to Consolidated's failure to offer or cite any evidence.[2] The court agrees.

Fed. R. Civ. P. 56(c)(1)(A) provides:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]

---

[2]ASAG also objects to any purportedly factual statements in Consolidated's response as hearsay. The court need not address ASAG's objections to decide that summary judgment is proper, and they are therefore overruled as moot.

- 3 -

Unsworn pleadings are not competent summary judgment evidence. *Larry*, 929 F.2d at 211 n. 12. Yet Consolidated has produced nothing except unsworn pleadings to support its position. Consolidated has thus failed to raise a genuine issue of material fact on any of its claims, and summary judgment is appropriate. "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Rule 56(e).

Even if the court looks to the materials contained within ASAG's appendix, they are insufficient to raise a genuine issue of material fact on the issues of negligence, violations of the Texas Insurance Code, and forgery. And Rule 56 and N.D. Tex. Civ. R. 56.5(c)[3] both obligate a party to designate the specific facts in the record that create genuine issues precluding summary judgment. "Rule 56 does not impose upon the district court . . . a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)); *accord Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996). The court is not obligated to consider evidence that the nonmovant fails to cite when opposing the summary judgment motion. *See* Rule 56(c)(3) ("The court

---

[3]N.D. Tex. Civ. R. 56.5(c) provides that, "[w]hen citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."

need consider only the cited materials, but it may consider other materials in the record."). The summary judgment nonmovant is required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports its claims. *See Willis*, 749 F.3d at 317 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Consolidated has failed to present or identify any competent summary judgment evidence that, taken as true, would enable a reasonable trier of fact to find in its favor on any claim. Accordingly, ASAG's motion for summary judgment is granted, and Consolidated's third-party action is dismissed with prejudice.

\* \* \*

For the foregoing reasons, the court grants ASAG's motion for summary judgment and dismisses the claims against ASAG with prejudice by final judgment filed today.[4]

**SO ORDERED**.

November 14, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[4]The judgment filed today is final because it disposes of all remaining parties and claims. The presence of Essex Insurance Company ("Essex") as a party does not preclude entry of final judgment because any and all claims involving Essex have been dismissed from the action. The dismissal is reflected in the joint settlement agreement and the court's previous order dismissing with prejudice all claims between "Plaintiff/Third-Party Defendant, Evanston Insurance Company/Essex Insurance Company and Defendant/Third-Party Plaintiff, Consolidated Salvage, Inc."